UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VICTOR WEBB, Plaintiff, | : | |
| v. | : | CA 07-278 ML |
| TIMOTHY TAPLEY, JEAN SINGLETON, RABBI BARROS, and IRA BLOOM, Defendants. | : | |

**ORDER**
**GRANTING APPLICATION**
**TO PROCEED IN FORMA PAUPERIS**

Before the Court is the application of Plaintiff Victor Webb ("Plaintiff") to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). See Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #2) ("Application"). For the reasons stated herein, the Application is GRANTED.

**Facts and Travel**

Plaintiff filed the Application in conjunction with a Complaint (Doc. #1) on July 24, 2007. See Docket. On July 27, 2007, the Court issued an order directing Plaintiff to file a certified copy of his prisoner trust fund account statement. See Order Directing Plaintiff to File Certified Copy of Prisoner Trust Fund Account Statement (Doc. #3) ("Order of 7/27/07"). In apparent response to that order, Plaintiff submitted a "Resident Account Summary" from the Wyatt Detention Center. However, this document was not certified by any official at the Wyatt Detention Center as required by 28 U.S.C. § 1915(a)(2) and the Court's Order of 7/27/07. See Second Order Directing Plaintiff to File Certified Copy of Prisoner Trust Fund Account Statement (Doc. #4) ("Order of 8/8/07").

On August 8, 2007, the Court, noting that the "Resident

Account Summary" which Plaintiff had submitted was not certified, issued an order again directing Plaintiff to file a certified copy of his prisoner trust fund account statement and to do so by August 20, 2007. See Order of 8/8/07. Plaintiff failed to meet this deadline, and on September 4, 2007, the Court issued a Show Cause Order, directing Plaintiff "to show cause, in writing, by September 18, 2007, why his application should not be denied based on Plaintiff's failure to comply with the Order of 8/8/07." Show Cause Order (Doc. #5) (bold omitted).

On September 13, 2007, the Court received a letter from Plaintiff. See Letter from Webb to Martin, M.J., of 8/17/07. In that letter, Plaintiff indicates that after receiving the Order of 7/27/07 and the Order of 8/8/07 he made several written requests to counselors, correctional officers, and other officials at the Wyatt Detention Center to certify his prisoner trust fund account statement before the deadline. See id. Plaintiff further indicates that he has no control over the staff at the Wyatt Detention Center and that he has no choice other than to return the documents "the [b]est way I can." Id.

Included in the letter of August 17, 2007, were copies of: the Order of 8/8/07, a request dated August 11, 2007, for a certified copy of Plaintiff's prisoner trust fund account, and three Resident Account Summaries dated July 16, 2007, August 27, 2007, and September 6, 2007. The Resident Account Summary dated September 6, 2007, reflects that the balance in the account is $8.68 and that Plaintiff has not had more than that amount in the account since March 30, 2007.

**Decision**

I find that Plaintiff has shown cause why his Application should not denied for failing to comply with the Order of 8/8/07. I further find that the fact that Plaintiff has been unable to provide a certified copy of his Resident Account Summary is

beyond his control. The Court accepts Plaintiff's explanation that he can only request such certification and that he cannot compel the officials at the Wyatt Detention Center to comply with his request. Accordingly, based on the September 6, 2007, Resident Account Summary, the Application is GRANTED.

As noted in the Order of 7/27/07, however, Plaintiff is still required to pay the statutory filing fee of $350.00. See Order of 7/27/07 at 2 n.2. Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted on April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1),[1] a prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his petition. Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his or her account. See 28 U.S.C. § 1915(b)(2).[2]

---

[1] Section 1915(b)(1) provides that:

> Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

[2] Section 1915(b)(2) states that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10

Given the fact that Plaintiff has had no more than $8.68 in his account since March 30, 2007, and strict application of 28 U.S.C. § 1915(b)(1) results in an amount greater than the amount presently in Plaintiff's account, the Court finds that **Plaintiff has the ability to pay an initial partial filing fee of $5.00.** See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). **He is ordered to pay that amount by October 31, 2007.** Thereafter, officials at the Wyatt Detention Center are directed to forward monthly to this Court 20% of the previous month's balance in Plaintiff's account each time his balance exceeds $10.00.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
September 18, 2007

---

until the filing fees are paid.

28 U.S.C. § 1915(b)(2).